Adam J Schwartz (SBN 251831)
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
adam@ajschwartzlaw.com
(323) 455-4016

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOCHNESS MEDICAL SUPPLIES INC.<br><br>Defendant. | NO. 3:21-cv-7096<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

Plaintiff Jeffrey Katz Chiropractic, Inc. ("Plaintiff"), by his undersigned counsel, for this class action complaint against Lochness Medical Supplies Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Lochness Medical" or "Defendant"), alleges as follows:

**I.   INTRODUCTION**

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Lochness Medical for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

1

## II.    PARTIES

2. Plaintiff Jeffrey Katz Chiropractic, Inc. is a corporation located in California, in this District.

3. Defendant is a New York corporation with its principal place of business of 2775 Broadway Suite, 100 Buffalo, NY 14227.

## III.    JURISDICTION AND VENUE

4. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Lochness Medical because it has submitted to California jurisdiction by sending facsimile messages, and a substantial part of the wrongful acts alleged in this Complaint were committed in California.

6. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

7. <u>County</u>. Assignment to this Division is proper pursuant to Civil L.R. 3-2(c)-(d) because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in the County of San Francisco.

## IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other provisions, the TCPA forbids Junk Faxes – sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. §227(b)(1)(C).

10. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. §227(b)(2)(D).

11. In order to comply with the Opt Out Notice requirements, each Junk Fax must include all of the following:

    a) Clear and conspicuous language on the first page of the advertisement;

    b) That states that facsimile recipients may request that the sender not send any future unsolicited advertisements, and which;

    c) Specifically informs facsimile recipients that the failure to comply with such a request, within the shortest reasonable time as determined by the Commission, is unlawful.

    d) The notice must also include **both** a toll free phone and facsimile number that a recipient may use to submit a request to cease transmitting facsimile advertisements to the recipient.

*See* 47 U.S.C. §227(b)(D); 47 CFR 64.1200(a)(3)(iii-v)

12. Section §227(b)(3) of the TCPA provides a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

### V.   FACTUAL ALLEGATIONS

13. Defendant is a seller of medical products, including diagnostic kits.

14. Defendant's business model includes marketing those products through facsimile advertisements.

15. Recipients of Defendant's Junk Faxes have never consented to receive them and that have no preexisting business relationship with Defendant.

16. Plaintiff is, and at all relevant times has been, a "person" as defined by 47 U.S.C. § 153(39).

17. On April 20, 2021 the Plaintiff received the below fax on its fax machine (212) 421-XXXX:

From: Michael Sunderani   Fax: 18885062658   To:   Fax: (415) 584-3052   Page: 1 of 1   04/20/2021 9:39 AM

I just wanted to let you know we have Care Start Antigen tests available in stock right now for $10.50 each. Min order is 1 box. If you are interested, please call me at 210 775 2583 – Ray Reyes.



Ray Reyes

**Sales Representative**

+ 1 (210) -775-2583

www.lochnessmedical.com
rreyes@lochnessmedical.com

2775 Broadway Suite 100

Buffalo, NY 14227 USA

1    18. The fax constitutes an "unsolicited advertisement" because it advertises the Defendant's goods for sale.

2    19. The content of the fax is otherwise generic.

3    20. The fax is sent by the Defendant as indicated by the Defendant's contact information being present on the fax. This includes, but is not limited to, Ray Reyes, a sales representative for the Defendant being identified.

4    21. The fax does not contain an Opt Out Notice.

5    22. Plaintiff has never been a customer of the Defendant.

6    23. Plaintiff is the owner of the fax machine at which Defendant's unsolicited fax advertisement was received.

7    24. Defendant's fax advertisement caused Plaintiff actual harm, including the monetary costs associated with receiving faxes, invasion of privacy, aggravation and annoyance.

8    25. Defendant's fax advertisement also inconvenienced Plaintiff and wasted its time.

## CLASS ALLEGATIONS

26. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), on behalf of itself and all others similarly situated.

27. Plaintiff brings this case on behalf of a Class defined as follows:

> All persons and entities to whom: (a) Lochness Medical and/or a third party acting on Defendant's behalf sent one or more faxes (b) for the purposes of obtaining contact information in order to send marketing materials to them (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

28. Exclusions: Excluded from the Class are Lochness Medical, any entity in which Lochness Medical have a controlling interest or that has a controlling interest in Lochness Medical, Defendant's legal representatives, assignees, and successors, the judges to whom this case is assigned and the immediate family members of all of the foregoing.

29. <u>Numerosity</u>.  The Class are so numerous that joinder of all members is impracticable. On information and belief, judging from the generic nature of the fax, each Class has more than 100 members.  It will be more efficient for the Court and the parties to resolve these alleged violations of the TCPA in one fell swoop than in hundreds or thousands of individual trials.

30. <u>Commonality</u>.  There are many questions of law and fact that have the same answer for all class members and the answers to which will be determinative of the outcome of the litigation. That is no surprise, given the generic nature and content of the fax. The common questions include:

    a.    Who sent the faxes?

    b.    Did Lochness Medical send the faxes in order to make sales?

    c.    Did the faxes contain a compliant Opt-Out Notice?

    d.    Did Lochness Medical have a practice of obtaining consent before sending facsimile advertisements?

    e.    Did the faxes violate the TCPA?

    f.    Were Defendant's violations knowing or willful?

    g.    Should Lochness Medical be enjoined from sending unsolicited facsimile advertisements?

31. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and the claims of the Class arise from identical or similar boilerplate faxes and are based on the same provisions of the TCPA.

32. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and his counsel are aligned with those of the proposed Class.

33. <u>Predominance</u>.  Lochness Medical have engaged in a telephonically routinized course of conduct toward Plaintiff and members of the Class. The common issues arising from this

1  repetitive conduct that affect Plaintiff and members of the Class predominate over any individual
2  issues.

3  34. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Lochness Medical are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

35. <u>Injunctive and Declaratory Relief is Appropriate</u>.  Lochness Medical have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(C)**

36. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37. It is a violation of the TCPA to use a fax machine, computer, or other device to send an unsolicited advertisement to a fax machine.

38. Lochness Medical used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the Class, or others did so on their behalf.

39. These faxes were sent without regard to whether Lochness Medical had first obtained express invitation or permission from the recipients to send such faxes. In fact, Lochness Medical did not have prior express invitation or permission from Plaintiff or other members of the putative Class when its faxes were transmitted.

40. Lochness Medical have, therefore, violated § 227(b)(1)(C) of the TCPA. In fact, Lochness Medical knew or should have known that its conduct as alleged herein violated the TCPA, because Lochness Medical knew that it did not have prior express invitation or permission to send fax advertisements to Plaintiff and the Class.

41. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation. Plaintiff and the class are also entitled to an injunction against future fax advertisements.

**WHEREFORE**, Plaintiff, on behalf of itself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Lochness Medical from transmitting fax advertisements without the prior express invitation or permission of the recipient;

d. An award of statutory damages or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff demands a jury trial.

RESPECTFULLY SUBMITTED AND DATED this 14th day of September, 2021.

By: */s/ Adam J Schwartz*
    Adam J Schwartz

Anthony I. Paronich, *Subject to Admission Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*